United States District Court
Southern District of Texas

**ENTERED**

January 21, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| HARDEEP SINGH<br>"Petitioner," | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:25-cv-00281 |
| WARDEN OF THE PORT ISABEL<br>SERVICE DETENTION CENTER, et al.,<br>"Respondents." | §<br>§<br>§<br>§ | |

## ORDER

Before the Court are Petitioner's "Verified Petition for Habeas Corpus and Complaint for Declaratory and Injunctive Relief" (Dkt. No. 1) ("Petition"), Petitioner's "Memorandum of Law in Support of Motion for Preliminary Injunction and Temporary Restraining Order" (Dkt. No. 2) ("TRO"), Respondents' "Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment" (Dkt. No. 19) ("MSJ"), and Petitioner's "Reply in Support of TRO and Preliminary Injunction" (Dkt. No. 22) ("Reply"). For these reasons, the Petition (Dkt. No. 1) is **GRANTED in part** and the TRO (Dkt. No. 2) is **DENIED** as moot.

## I.    BACKGROUND

Petitioner is a 21-year-old citizen of India. Dkt. No. 1 at 19. On or around August 25, 2023, Petitioner entered the United States. *Id.* He was apprehended upon entry, *id.,* and charged with inadmissibility as "an alien present in the United States without being admitted or paroled." Dkt. No. 19-1 at 1. Shortly thereafter, Petitioner was conditionally released on an Order of Release on Recognizance. Dkt. No. 1 at 19.

Following this release, Petitioner applied for both asylum and Special Immigrant Juvenile Status ("SIJ Status"). *Id.* Petitioner's application for SIJ status was granted November 4, 2025, *id.,* but his asylum application remains pending. *See* Dkt. No. 2 at 13.

On September 18, 2025, immigration officials detained Petitioner at a checkpoint in McAllen, Texas. Dkt. No. 1 at 6. He remains detained at the Port Isabel Detention Center. Dkt. No. 19 at 2. Petitioner contends such continued detention under 8 U.S.C. § 1225(b)(2) ("§

1

1225(b)(2)") is unlawful. Dkt. No. 1 at 5. Respondents disagree. They contend that Petitioner is properly detained under § 1225(b)(2). Dkt. No. 19 at 3.

## II.    DISCUSSION

28 U.S.C. § 2241 grants district courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This includes habeas jurisdiction to review the "extent of the Government's detention authority under the 'statutory framework' as a whole." *Jennings v. Rodriguez*, 583 U.S. 281, 295–296 (2018). Because Petitioner challenges Respondents' statutory authority to detain him and not any specific discretionary actions, his Petition is properly before the Court. *Nielsen v. Preap*, 586 U.S. 392, 401 (2019).[1]

The lawfulness of Petitioner's continued detention depends on whether § 1225(b)(2) is properly applied to him. It is not. § 1225(b)(2) states that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2).

Two phrases in § 1225(b)(2) are relevant to the scope of its application: "applicant for admission" and "seeking admission." 8 U.S.C. § 1225(b)(2). The Court does not read these operative terms as interchangeable; they are distinct for several reasons. First, the statute provides a tailored definition of "applicant for admission," 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted or who arrives in the United States…"), but nowhere defines "seeking admission." Second, to equate the two would render the language "seeking admission" superfluous, both in § 1225(b)(2) and elsewhere. *See, e.g.*, 8 U.S.C. § 1225(a)(3) ("All aliens…who are applicants for admission *or otherwise seeking admission or readmission* to or transit through the United States shall be inspected by immigration officers") (emphasis added). Third, Congress has given "admission" its own definition, 8 U.S.C. § 1101(a)(13)(A), a form of "plain, unambiguous text" this Court will not gloss over absent a superseding definition. *Martinez v. Mukasey*, 519 F.3d 532, 545-46 (using the § 1101(a)(13)(A)

---

[1] As much as Petitioner challenges specific discretionary actions and not just review of the government's "claim of authority," the Court declines to consider said challenges for lack of jurisdiction to do so. *Nielsen*, 586 U.S. at 401.

definition for "admitted" when it appeared in the same sentence as a separately defined term of art ("alien lawfully admitted for permanent residence") in which "admitted" also appeared).

The Court finds that Petitioner is not seeking *admission*, which is defined by the statute as "lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(a)(13)(A). Because Petitioner already entered the United States in 2023, Dkt. No. 19 at 2, the Court cannot find he was seeking admission. Thus, Petitioner is not subject to § 1225(b)(2).

## III.    CONCLUSION

For these reasons, the Petition (Dkt. No. 1) is **GRANTED in part**. It is hereby **ORDERED** that Respondents are enjoined from using 8 U.S.C. § 1225(b)(2) against Petitioner, including as a basis for detaining him, denying him release on bond, or denying him a bond hearing. Respondents are further **ORDERED** to submit a status report to the Court **within 14 days of this order.**

The Petition is **DENIED in part** with respect to Petitioner's other claims and requested relief. The MSJ (Dkt. No. 19) is **DENIED**, and the TRO (Dkt. No. 2) is **DENIED** as moot.

Signed on this 21st day of January 2026

Rolando Olvera
United States District Judge

3